IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ADVANCED BILLING CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:26-cv-00338 |
| v. | ) ) | JUDGE RICHARDSON |
| CHANGE HEALTHCARE INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court in this action are two motions. The first is a motion to remand (Doc. No. 7, "Motion to Remand"), filed by Plaintiff, Advanced Billing Consultants, Inc. Via the Motion to Remand, Plaintiff seeks an order "remanding this case to Davidson County Circuit Court for lack of complete diversity and improper removal by Defendant." (Doc. No. 7 at 1). Plaintiff has filed a brief (Doc. No. 8) in support of the Motion to Remand. Defendant, Change Healthcare Inc., has filed a response (Doc. No. 16, "Remand-Motion Response") in opposition to the Motion to Remand. Plaintiff has filed a reply (Doc. No. 17) in further support of the Motion to Remand.[1]

The second Motion is a motion to stay (Doc. No. 11, "Motion to Stay") filed by Defendant. Via the Motion to Stay, Defendant seeks:

> an order staying all proceedings in the above-captioned matter pending a decision by the United States Judicial Panel on Multidistrict Litigation ("JPML") on Defendant's notice identifying this action as a potential tag-along action in the related multidistrict litigation captioned *In re: Change Healthcare Inc., Customer*

---

[1] Plaintiff had filed an earlier reply (Doc. No. 14) in support of the Motion to Remand. This earlier reply, which concerned itself mostly with Defendant's failure to file a response in opposition to the Motion to Remand, has essentially become moot in light of Defendant correcting that failure (via the filing of Docket No. 16). In effect, then, Docket No. 14 has been superseded by Docket No. 17.

*Data Security Breach Litig.*, MDL No. 3108. ECF No. 588 (J.P.M.L. March 25, 2026).

(Doc. No. 11 at 1). Defendant has filed a brief (Doc. No. 12) in support of the Motion to Stay. Plaintiff has filed a response (Doc. No. 13) in opposition to the Motion to Stay. Defendant has filed a reply (Doc. No. 18) in further support of the Motion to Stay.

For the reasons described below, the Motion to Remand (Doc. No. 7) is **DENIED** and the Motion to Stay (Doc. No. 11) is **GRANTED**.

BACKGROUND

On March 20, 2026, Defendant removed this action from the Davidson County Circuit Court. (Doc. No. 1). On March 25, 2026, Plaintiff filed its Motion to Remand, contending that Defendant's removal of this action is an "improper attempt to force this state court case into the federal Multidistrict Litigation against Defendant that is pending in the United States District Court for the District of Minnesota[: *In re: Change Healthcare Inc., Customer Data Security Breach Litig.*, Case No. 0:24-md-03108-DWF-DJF. (D. Minn.)]." (Doc. No. 8 at 1-2). Plaintiff argues that removal to federal court is improper because (according to Plaintiff) Defendant is a citizen of Tennessee by virtue of Defendant's principal place of business being located (according to Plaintiff) in Tennessee, and so removal is prohibited based on the so-called "Forum Defendant Rule."[2] (Doc. No. 8 at 3-5). Defendant, of course, disagrees that remand is warranted, contending in the Remand-Motion Response that Defendant is a citizen of Delaware (given that Delaware is the state of Defendant's incorporation—something that Plaintiff does not dispute) and a citizen of

---

[2] 28 U.S.C. § 1441(b)(2) provides that cases in which federal jurisdiction is based solely on complete diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This provision is known colloquially as the Forum Defendant Rule. *See e.g., Madden v. Berea Healthcare, LLC*, No. CV 5:23-223-DCR, 2023 WL 8654369, at *6 (E.D. Ky. Dec. 14, 2023).

Minnesota (on account of Defendant's principal place of business being located (according to Defendant) in Minnesota (rather than Tennessee)). (Doc. No. 16 at 4-8).

Meanwhile, on March 25, 2026, Defendant filed a "Notice of Potential Tag-Along Actions" (JPML Change MDL Doc. No. 588, "Tag-Along Notice") in the multidistrict litigation ("MDL") ongoing before the Judicial Panel on Multidistrict Litigation ("JPML") captioned *In re: Change Healthcare Inc., Customer Data Security Breach Litig.*, MDL No. 3108. (J.P.M.L) ("JPML Change MDL").[3] On March 30, 2026, the Acting Clerk of the JPML entered a conditional transfer order (JPML Change MDL Doc. No. 591, "Conditional Transfer Order") therein conditionally transferring this action to the multidistrict litigation ongoing in the United States District Court for the District of Minnesota captioned *In re: Change Healthcare Inc., Customer Data Security Breach Litig.*, Case No. 0:24-md-03108-DWF-DJF. (D. Minn.) ("Minn. Change MDL").[4] Plaintiff filed an objection (JPML Change MDL Doc. No. 599, "Objection") to the Conditional Transfer Order in the JPML Change MDL on April 6, 2026, and filed a motion to vacate (JPML Change MDL Doc. No. 622, "Motion to Vacate") the Conditional Transfer Order in the JPML Change MDL on April 21, 2026, asserting in its memorandum in support of the Motion to Vacate, in part, that transfer of this action to the Minn. Change MDL is improper because "the Forum Defendant Rule applies, eliminating the ability for the federal courts to exercise subject matter jurisdiction

---

[3] When referring to filings in the JPML Change MDL, the Court will use the following format (for textual references and for citations, respectively): "JPML Change MDL Docket No. ___" or "(JPML Change MDL Doc. No. ___)"

[4] When referring to filings in the Minn. Change MDL, the Court will use the following format (for textual references and for citations, respectively): "Minn. Change MDL Docket No. ___" or "(Minn. Change MDL Doc. No. ___)"

solely on diversity of citizenship." (JPML Change MDL Doc. No. 622-1 at 9).[5] Briefing on the Motion to Vacate is ongoing. The Motion to Vacate remains pending for decision by the JPML, as does the decision of whether to conclusively transfer this action to the Minn. Change MDL.

Subsequent to the filing of the Tag-Along Notice, on March 27, 2026, Defendant filed the Motion to Stay, contending that this action, including any decision on the Motion to Remand, should be stayed pending the JPML's decision on the Tag-Along Notice—i.e., stayed pending the JPML's decision on whether to transfer this action unconditionally to the Minn. Change MDL. (Doc. No. 12 at 1, 3-7). Plaintiff contends in opposition:

> The Court should deny Defendant's request for a stay, which is nothing more than a ploy to use an improper removal to force state court litigants into a federal multidistrict class action pending in Minnesota—a class action Defendant knows Plaintiff will opt out of. Indeed, though a stay is extremely prejudicial to Plaintiff, denying the stay offers no prejudice to Defendant because being required to defend a case is not prejudicial.

(Doc. No. 13 at 3).

Below, the Court will consider the Motion to Stay and the Motion to Remand. For the reasons stated below, the Court concludes that the Motion to Stay will be granted, that a substantive decision on the merits of the Motion to Remand will be deferred, and that the Motion to Remand will be denied without prejudice.

<u>LEGAL STANDARD</u>

A district court has wide discretion when considering whether to stay a matter. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Indeed, the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes in its docket

---

[5] Plaintiff filed a corrected version of the Motion to Vacate and memorandum at JPML Change MDL Docket Nos. 635 and 635-1, respectively. Herein, the Court will refer to and cite the originally filed Motion to Vacate and memorandum filed at JPML Change MDL Docket Nos. 622 and 622-1, respectively.

with economy of time and effort for itself, for counsel and for litigants," and "the entry of [] an order [implementing a stay] ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir.1977)). This discretion extends to a district court considering whether to "grant a stay of proceedings pending a final ruling of the [JPML] on the transfer of a case [to the MDL]." *Fox v. Depuy Orthopaedics, Inc.*, 3:11–cv–387–CRS, 2011 WL 6057509, at *1 (W.D. Ky. Dec. 6, 2011).

When considering whether to grant a stay pending the resolution of the transfer of a case into a MDL, courts generally consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case[] [is in fact transferred to the MDL]." *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 802, 807 (M.D. Tenn. 2019) (quoting *Glazer v. Whirlpool Corp.*, No. 1:08-CV-1624, 2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008)).

Notably, the Rules of Procedure of the JPML provide that "pendency of a [] conditional transfer order [] before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML Rule 2.1(d). However—and as relevant for the instant action wherein the Court is faced with a pending motion to remand and a pending motion to stay—the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has [determined whether to] transfer[] the case." *Beshear v. Volkswagen Grp. of America, Inc.*, No. 16-CV-27-GFVT, 2016 WL 3040492, at *8 (E.D. Ky. May 25, 2016) (quoting *Kelly v. Aultman Physician Center*, 2013 WL 2358583, *2 (N.D. Ohio May 29, 2013)).

This general rule is especially applicable in instances where "jurisdiction issues 'are complex and their resolution is uncertain' and where such issues 'are common to other cases pending before the MDL court.'" *Beshear*, 2016 WL 3040492, at *8 (quoting *Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 981 (S.D. Tex. 2011)).

DISCUSSION

Turning to the Motions, the Court finds that granting the Motion to Stay, deferring a substantive decision on the merits of the Motion to Remand, and denying the Motion to Remand without prejudice are warranted.[6]

An analysis of the aforementioned three applicable factors reveals that a stay is warranted in this action.

Turning to the first factor—the potential prejudice to the nonmovant—Defendant argues that Plaintiff (the nonmovant with respect to the Motion to Stay) will not be prejudiced by a stay because "[i]n the event that the JPML declines to consolidate the pending case[] [into the Minn. Change MDL], this case will have been delayed for only a short time, and even then, the delay will have occurred in the earliest stages of litigation." (Doc. No. 12 at 4).

Plaintiff argues, by contrast:

Plaintiff would be severely prejudiced. Defendant is asking the Court to forego its obligation to determine its own jurisdiction long enough to allow the JPML to transfer this case to the District of Minnesota where it will be joined with the pending class action MDL where the MDL court's appointed class counsel would take over. It is an attempt to strip Plaintiff of its chosen forum and its chosen counsel until Plaintiff can opt out. Further still, Defendant knows full well that if a class is certified in the MDL, Plaintiff will opt out of that class to pursue separate litigation. In other words, this is nothing more than another delay tactic designed to make Plaintiff wait for the slow-moving MDL to proceed to the stage where Plaintiff can

---

[6] Naturally, and as shown by the analysis below, the decision on whether to grant the Motion to Stay and the decision on whether to defer a decision on the merits of the Motion to Remand are intertwined insofar as the granting of the Motion to Stay would naturally result in a deferral of a decision on the merits of the Motion to Remand.

> opt out so that Plaintiff can finally restart this litigation right where it is now—potentially years down the road.
>
> Moreover, that delay would only exist after the JPML ruled on the attempted transfer, which itself has been taking months. . . . There is no indication as to the timeline for which the JPML will issue a decision as to the [Conditional Transfer Order], but such decisions have thus far taken anywhere from four months to as long as eight months from the filing of a plaintiff's notice of opposition to conditional transfer order for the JPML to resolve.

(Doc. No. 13 at 7).[7] At base, Plaintiff's argument boils down to a contention that Plaintiff will be prejudiced by the delay that it will suffer as a result of the Court staying this action (thereby deferring a substantive ruling on the Motion to Remand) pending the decision of the JPML on whether to transfer this action conclusively to the Minn. Change MDL. Although the Court understands that Plaintiff might be frustrated by a stay of this action resulting from the granting of the Motion to Stay, mere delay is not sufficient to prevent such a stay. *See Watson v. Progressive Direct Ins. Co.*, No. CV 5:22-203-DCR, 2024 WL 3092373, at *3 (E.D. Ky. June 21, 2024) (noting in considering a stay (in a non-MDL context) that although plaintiff contends that "she will . . . be prejudiced by a delay" as a result of a stay, "'delay alone is generally not sufficient to prevent a stay, as it is inherent in any stay.'" (quoting *Sec'y of U.S. Dep't of Lab. v. Kavalec*, No. 1:19-CV-00968, 2019 WL 5684462, at *3 (N.D. Ohio Nov. 1, 2019))); *Semiconductor Energy Lab'y Co. v.*

---

[7] Moreover, the Court notes that although Plaintiff's argument refers to the Court's obligation to determine its own jurisdiction over this action, the Court notes that such obligation does not require the Court to determine its jurisdiction prior to the decision of the JPML on whether to conclusively transfer this action to the Minn. Change MDL. It is without question that the Court would certainly have an obligation to determine its subject-matter jurisdiction over this action if this action did in fact remain before this Court (rather than being transferred to the Minn. Change MDL). *See Strategic Assets, Inc. v. Fed. Express Corp.*, 190 F. Supp. 2d 1065, 1067 (M.D. Tenn. 2001) ("a district court's first obligation is to determine whether the court has subject matter jurisdiction"). However, this obligation does not require the Court to determine its jurisdiction *prior* to the decision of the JPML as to whether to conclusively transfer this action to the Minn. Change MDL. If this obligation did in fact require a court to determine its jurisdiction *prior* to the decision of the JPML on whether to conclusively transfer an action to an MDL, it would be impossible for district courts to adhere to the general rule of "defer[ring] ruling on pending motions to remand in MDL litigation until after the [JPML] has [determined whether to] transfer[] the case." *Beshear*, 2016 WL 3040492, at *8.

*Chimei Innolux Corp.*, No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012) ("the mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for a stay."). *Cf. Allied Erecting & Dismantling Co., Inc. v. Genesis Equipment & Mfg., Inc.*, No. 4:08CV589, 2010 WL 3239001, at *2 (N.D. Ohio Aug. 16, 2010) (noting in the context of a requested stay to permit reexamination of patents that "[w]hile some prejudice to Plaintiffs is inherent in any delay, this alone is not sufficient to prevent a stay."). Put another way, the Court finds that the delay that Plaintiff purportedly will suffer as a result of the Motion to Stay does not weigh against granting the Motion to Stay. Given that the Court can discern little other harm that Plaintiff would suffer if the Motion to Stay were granted, the Court finds that this factor weighs in favor of the Court granting the Motion to Stay (and therefore deferring a substantive decision on the merits of the Motion to Remand).

Turning to the second factor—the hardship and inequity to the moving party if the action is not stayed—the Court does not agree with Plaintiff's contention that Defendant has not shown hardship or inequity that would result were a stay not granted. Defendant contends that absent a stay, it will be harmed by being forced "'to engage in parallel proceedings in numerous courts [(e.g., before this Court and the JPML Change MDL)] while being temporarily denied the [potential] full benefit of the highly organized process of the MDL proceedings'" (Doc. No. 12 at 5 (quoting *Abshire v. Davol, Inc.*, No. 2:18-cv-268, 2018 WL 2538746, at *2 (S.D. Ohio June 4, 2018))), and that "[l]itigating the individual cases across different fora will cost Defendant 'an excessive amount of time, money and energy' that might otherwise be avoided." (Doc. No. 12 at 5 (quoting *U.S. Bank, Nat'l Assoc. v. Royal Indem. Co.*, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002))). Defendant's argument here is well-taken, and indeed district courts frequently find that a movant—in the context of a motion to stay—faces hardship or inequity if forced to

litigate an action while awaiting a decision from the JPML on whether to transfer an action to a multidistrict case. *See e.g., Ates v. Delta Air Lines, Inc.*, No. CIV.A. 15-3228, 2015 WL 5774979, at \*3 (E.D. La. Sept. 30, 2015) ("The Court is convinced by Defendants' argument that continuing to litigate this case while waiting for a decision from the JPML that is likely to come in the near future would prove a substantial hardship and inequity to Defendants."). *But see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (noting that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" for a stay to issue). Indeed, as Defendant argues, its burden is not merely one of having to litigate this case, but also to litigate:

> over 190 federal and state court cases arising from the same cyberattack, all at varying stages of litigation, across the country. Without a stay, Defendant must simultaneously navigate different discovery schedules, motions practice, and pretrial orders here while the same issues are being coordinated in the Change MDL. The JPML created the MDL specifically to avoid this kind of fragmented, duplicative, and costly parallel litigation. A stay pending the JPML's transfer decision is precisely the tool Congress and the JPML envisioned for this situation.

(Doc. No. 18 at 4). Thus, the Court discerns that Defendant would face substantial hardship were it required to litigate an action in this Court pending the JPML's transfer decision, and so this factor weighs in favor of granting the Motion to Stay (and therefore deferring, for the time being, a substantive decision on the merits of the Motion to Remand). *Cf. Pace v. Merck & Co.*, No. CIV 04-1356MCA/ACT, 2005 WL 6125457, at \*2 (D.N.M. Jan. 10, 2005) (noting, when granting a motion to stay, the risk that a defendant-movant faced of "duplicative motion practice and redundant discovery proceedings absent a stay").[8]

---

[8] The Court does feel compelled to note that, naturally, Plaintiff might contend that Defendant would not face a burden of litigating (at least in this Court) if the Motion to Remand were to be considered and granted. Still this (hypothetical argument) is at this point unconvincing. The Court is not convinced that the Motion to Remand would in fact be granted so as to prevent Defendant from facing the burden of litigating in this Court (and preclude the transfer of this action to the Minn. Change MDL). Moreover, as will be discussed below—the Court discerns that at this juncture it would be misguided and premature to consider the Motion to Remand as a threshold matter.

The third stay factor—the judicial resources that would be saved by avoiding duplicative litigation if the case ultimately is transferred to the MDL—weighs strongly in favor of granting the Motion to Stay (and thus avoiding, at this juncture, a ruling on the merits of the Motion to Remand).

As an initial matter, the Court notes that in the briefing on the Motion to Remand (which the Court would naturally consider on the merits if the Motion to Stay was to be denied), Plaintiff and Defendant have presented the Court with various exhibits comprised of competing evidence as to the location of Defendant's citizenship. For example, Defendant has filed a copy of a "Rule 7.1(b)(2) Supplemental Corporate Disclosure Statement" (Doc. No. 16-2), which Defendant originally filed in the Minn. Change MDL (Minn. Change MDL Doc. No. 493), wherein Defendant asserts that its "principal place of business is now Minnesota[, and] [a]s a result, [Defendant] is now a citizen of Minnesota and Delaware." (Doc. No. 16-2 at 1).

This indicates that if the Court were to decline to grant the Motion to Stay (and thus in turn consider the Motion to Remand), the Court would be required to make a substantive determination as to the citizenship of Defendant, a determination that promises to be a complex one given the breadth of the briefing filed in connection with the Motion to Remand. This determination would involve not just weighing the various competing arguments and evidence that the parties have submitted in connection with the Motion to Remand, but also the weight to be afforded to the filings that Defendant has made in the Minn. Change MDL (namely the "Rule 7.1(b)(2) Supplemental Corporate Disclosure Statement"). The Court is convinced that embarking on this course of action would not only be a poor use of judicial resources but would also pose a substantial risk of inconsistent judicial orders, as will be explained in more depth below. *See Spaeth v. TJM Medical, Inc.*, No. 1:21-CV-02160-PAB, 2021 WL 5936462, at \*3 (N.D. Ohio Dec. 16, 2021)

(weighing—in the context of the third stay factor—the interests of judicial economy and efficiency, as well as the possibility of inconsistent rulings in considering whether a stay is warranted).[9]

With respect to preserving judicial resources, the Court notes that ruling on the Motion to Remand now risks wasting judicial resources. Consider, for example, a situation in which (1) the Court ultimately denies the Motion to Stay, promptly considers the Motion to Remand, and ultimately denies the Motion to Remand on the merits by finding that Defendant is a citizen of Minnesota rather than Tennessee (which at present certainly remains a potential outcome), and (2) this case is ultimately transferred to the Minn. Change MDL—via the JPML denying the Motion to Vacate and perhaps ruling conclusively that Defendant is a citizen of Minnesota rather than Tennessee. In that scenario, two judicial bodies—this Court and the JPML— would have expended judicial resources in considering the same issue: Defendant's citizenship. The Court discerns that such a duplicative expenditure of judicial resources would be inefficient and antithetical to the preservation of scarce judicial resources.

Furthermore, even if this action is *not* in fact transferred conclusively to the Minn. Change MDL (i.e., if the JPML ultimately grants the Motion to Vacate and remands the case back to this Court), judicial resources would be best served by deferring a decision on the Motion to Remand and granting the Motion to Stay. The Court observes that in Plaintiff's memorandum in support of the Motion to Vacate filed in the JPML Change MDL, Plaintiff has raised many of the same arguments that it has raised in the Motion to Remand, namely that the federal courts lack

---

[9] Put another way, although aware that the Rules of Procedure of the JPML provide that "pendency of a [ ] conditional transfer order [] before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court," JPML Rule 2.1(d), the Court (for the reasons stated above and below) does not believe it would be a wise use of its jurisdiction to consider the merits of the Motion to Remand at this juncture.

jurisdiction over this action because "the Forum Defendant Rule applies, eliminating the ability for the federal courts to exercise subject matter jurisdiction solely on diversity of citizenship." (JPML Change MDL Doc. No. 622-1 at 9). Put another way, Plaintiff is now (understandably) contending before two judicial bodies—this Court and the JPML—that the exercise of jurisdiction over this action is improper based on the Forum Defendant Rule. With this in mind, the Court finds that it would be a much better use of judicial resources to defer a decision on the status of Defendant's citizenship to the JPML because the JPML is likely to already have a familiarity with the issues and evidence relevant to a determination of Defendant's citizenship. For the same reason, even if the JPML ultimately grants Plaintiff's Motion to Vacate (JPML Change MDL Doc. No. 622), and permits this action to remain in this Court, the Court finds it plausible that the JPML's analysis in its ruling on the Motion to Vacate would likely be informative of this Court's ruling on any motion to remand.

Thus, the Court discerns that it would be a more efficient use of judicial resources to grant the Motion to Stay (and thus defer a decision on the merits of the Motion to Remand) pending the decision of the JPML on whether to transfer this action to the Minn. Change MDL (via a decision on the Motion to Vacate). *See Chaney v. JUUL Labs, Inc.*, No. 2:19-CV-4145, 2019 WL 13196794, at *2 (S.D. Ohio Oct. 31, 2019) (deferring consideration of a plaintiff's motion to remand, stating that because the plaintiff raised the same jurisdictional arguments in both the motion to remand and the motion to vacate a conditional transfer order, "the Court finds that the interests of judicial consistency, economy, and uniformity are best served by deferring ruling on Plaintiff's Motion to Remand pending the MDL's decision on transfer."); *Beal v. Merck & Co.*, No. 05-1344-T/AN, 2005 WL 3279285, at *2 (W.D. Tenn. Dec. 1, 2005) ("The Court finds that

having the jurisdictional issues decided in one proceeding will promote judicial economy and conserve judicial resources.").

As suggested above, in considering the third stay factor, the Court considers a risk of inconsistent judicial orders. This risk weighs in favor of the Court granting the Motion to Stay, for many of the same reasons that concerns over judicial resources weigh in favor of the Court granting the Motion to Stay (and thus declining to consider the merits of the Motion to Remand). Indeed, the Court discerns that having one entity—the JPML—consider jurisdictional issues, like those raised in the Motion to Remand and Motion to Vacate, will promote judicial uniformity and avoid the risk of this Court and the JPML issuing conflicting rulings as to the citizenship of Defendant. *See Chaney*, 2019 WL 13196794, at *2 (finding that deferring jurisdictional arguments to the JPML when raised in both a motion to remand and motion to vacate conditional transfer order is in "the interests of judicial [] uniformity").

All told, the third factor weighs strongly in favor of the Court granting the Motion to Stay (and accordingly deferring a ruling on the Motion to Remand). This means that all three of the factors the Court has considered herein weigh in favor of the Court granting the Motion to Stay. So, the Court will grant the Motion to Stay.

Given that the Court is granting the Motion to Stay and thus deferring a decision on the merits of the Motion to Remand, the Court will deny the Motion to Remand without prejudice to Plaintiff refiling a motion to remand in the event that the JPML does not ultimately transfer this action to the Minn. Change MDL.

CONCLUSION

For the reasons stated herein, the Motion to Remand (Doc. No. 7) is **DENIED** without prejudice to Plaintiff refiling the Motion to Remand if this action is ultimately not transferred to

the Minn. Change MDL. Moreover, the Motion to Stay (Doc. No. 11) is **GRANTED**. All deadlines and proceedings in this matter are **STAYED** pending a decision by the JPML on whether to transfer this action to the Minn. Change MDL. Within seven (7) days of the JPML determining whether to transfer this action to the Minn. Change MDL, the parties shall file a status update with the Court detailing the decision of the JPML, therein indicating the reasons, if any, that the stay should be lifted. Alternatively, at any point prior to any transfer of this case, any party may move to lift the stay in this case for good cause.[10]

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[10] In an order (Doc. No. 10), the Court indicated that it would "rule promptly on the Motion to Remand once briefing on the Motion to Remand is concluded." (Doc. No. 10 at 1). Plaintiff may take umbrage with the Court's decision herein given that the Court has not ruled on the merits of the Motion to Remand and instead denied the Motion to Remand without prejudice. Nevertheless, the Court stresses that it has expedited its decision on both the Motion to Remand (insofar as it has determined that it is inadvisable to reach the merits of the Motion to Remand and denied the Motion to Remand without prejudice within two weeks of briefing on the Motion to Remand concluding) and the Motion to Stay—putting numerous older pending motions on the metaphorical backburner to do so.